# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEVON D. JACKSON,

        Plaintiff,

v.                                        Case No. 07-C-919

GARY ANKARLO, DEBORAH FISCHER,
MIKE THURMER, CAPTAIN PALTZ,
LIEUTENANT BRAEMER, LIEUTENANT GREFF,
CAPTAIN CORE, OFFICER STANIEC,
OFFICER MEDEMA, OFFICER MASON, and
JOHN DOE, sued as Unknown Officers 1 & 2,

        Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and paid the $350 filing fee. On January 8, 2008, the court screened the complaint pursuant to 28 U.S.C. § 1915A[1] and allowed the plaintiff to proceed on an Eighth Amendment conditions of confinement claim against John Doe Officers 1 and 2 based on his allegations regarding cold cell temperatures in observation status while he was incarcerated at the Waupun Correctional Institution. The remaining defendants and claim were dismissed.

---

[1] The screening provision of the Prison Litigation Reform Act provides in relevant part:

    (a)    Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b)    Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
            (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
            (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

On January 22, 2008, the plaintiff filed a motion to alter or amend judgment in which he moved to reinstate two defendants that the court dismissed in the screening order and also to revive the claim that the court dismissed. However, on March 27, 2008, the plaintiff filed an amended complaint. The amended complaint identifies defendants John Doe officers 1 and 2 and also alleges several other defendants who were personally involved in his conditions of confinement. (The amended complaint does not seek to revive the claim that was previously dismissed.) The plaintiff may proceed on his amended complaint, which will be the operative complaint in this action. *See* Fed. R. Civ. P. 15(a). Thus, his motion to alter and amend judgment will be denied as moot.

The plaintiff is required to serve the defendants. Accordingly, the clerk's office will be directed to send him a "service packet," which includes instructions for completing service, and also to return to the plaintiff the ten copies of the amended complaint that he filed with the court.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to alter and amend judgment (Docket #10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants John Does 1 and 2 are **DISMISSED**.

**IT IS FURTHER ORDERED** that the March 27, 2008, amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the plaintiff serve upon each defendant a copy of the amended complaint, a waiver of service form, and/or the summons, and a copy of this order.

**IT IS FURTHER ORDERED** that the clerk's office send the plaintiff a service packet and also return to him the ten copies of the amended complaint that he filed with the court.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge