UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEVON D. JACKSON,

        Plaintiff,

v.                                                   Case No. 07-C-919

GARY ANKARLO, DEBORAH FISCHER,
MICHAEL THURMER, CAPTAIN PALTZ,
LT. BRAEMER, LT. GREFF, CAPTAIN CORE,
OFFICER STANIEC, OFFICER MEDEMA,
and OFFICER MASON,

        Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and paid the full filing fee. He is proceeding on an Eighth Amendment claim based on allegations that he was subjected to cold cell temperatures while incarcerated at the Waupun Correctional Institution. There are several discovery-related motions pending, which will be addressed herein.

On October 31, 2008, the plaintiff filed a motion to serve ten additional interrogatories beyond the limit of twenty-five set forth in Federal Rule of Civil Procedure 33(a)(1). The plaintiff asserts that he will use the additional interrogatories to ascertain information specifically related to the heating/ventilation system and to what knowledge defendants Ankarlo and Thurmer had regarding the conditions of observation status. He also asserts that he submitted a request for additional interrogatories to the defendants but did not receive a response.

In response, the defendants acknowledge that they rebuffed the plaintiff's efforts to expand discovery beyond the limit set forth in the local rules because the plaintiff "can hardly claim he needs to submit even more discovery on a case that is neither novel nor complex." (Defs.' Resp. at 2.) According to the defendants, they have responded to six separate sets of discovery requests, including twenty-one interrogatories, twelve separate demands for production of documents, and 267 requests to admit or deny. The defendants conclude that the issues in this case are straightforward and, considering the significant amount of discovery already submitted, along with the time and effort required to respond to 300 separate discovery demands, the plaintiff's motion should be denied.

On November 25, 2008, the plaintiff filed a motion to compel discovery. He seeks an order compelling the defendants to provide sufficient responses to several interrogatories and requests for admissions. The plaintiff also moves the court to order that insufficient, evasive responses to requests for admissions be deemed admitted. He attempted to informally resolve the discovery dispute with counsel for the defendants in compliance with Civil Local Rule 37.1 (E.D. Wis.). The defendants oppose the plaintiff's motion to compel asserting that the discovery requests in question either seek material that is confidential by the Wisconsin Administrative Code or is otherwise unduly burdensome or argumentative. The eight discovery requests at issue and the defendants' response to those requests are as follows:

1.     REQUEST FOR ADMISSION [to defendant Ankarlo]:
On or about 2/26/07, Dujuan Walker (inmate ID #269622) wrote to you specifically addressing Deborah Fischer's refusal to provide him with a blanket (and other clothing) while he was placed on Observation Status.
RESPONSE: Psychological staff are not allowed to disclose protected health information without a sign[ed] authorization to disclose such information.

2.     REQUEST FOR ADMISSION [to Ankarlo]:
As the Psychological Services Unit (PSU) Supervisor, you allow other PSU staff to disregard the cold temperatures of a cell while prohibiting inmates from obtaining blankets when they place inmates on Observation Status.
RESPONSE: The number one reason for placing an inmate in observation is to [ensure] his safety.

3.     INTERROGATORY [to Ankarlo]:
Within the past eight (8) years, please state how many times you've been contacted by the Institution Complaints Department in relation to formal complaints filed by inmate who complained of the various unbearable conditions (cold cell temperatures, excessive noise levels, etc . . .) they experienced while on Observation Status, and please provide a summary of the circumstances each time you were contacted by the Institution Complaints Dept.
RESPONSE: Counsel for the defendants OBJECTS to this interrogatory request on the grounds that it is overly broad, burdensome and without reasonable limitation.  Counsel for the defendants further OBJECT to this interrogatory request on the grounds that producing inmate complaints filed by inmates other than plaintiff filed within the inmate complaint review system (ICRS) are confidential pursuant to Wis. Admin. Code § DOC 310.

4.     REQUEST FOR ADMISSION [to defendant Fischer]:
Prior to 5/18/07, other inmates have complained directly to you (either verbally or through written correspondence) regarding the cold cell conditions they've experienced while on Observation Status.
RESPONSE: Any written or verbal information provided by another inmate to treatment staff would be considered protected health information and cannot be disclosed without signed authorization.

5. REQUEST FOR ADMISSION [to Fischer]:
You believe that it is appropriate and/or acceptable to place a person suffering from Major Depressive Episode in an environment that is unbearable cold – cold to the point where the person shakes and shivers uncontrollably.
RESPONSE: It is Dr. Fischer's professional responsibility to take the steps necessary to prevent a suicidal inmate from harming himself.

6. INTERROGATORY [to Fischer]:
During your employment at the WCI, please state how many times you've been contacted by the Institution Complaints Department in relation to formal complaints filed by inmates who complained of the various unbearable conditions they experienced while on Observation Status. Please provide a summary of the circumstance each time you were contacted by the Complaints Dept.
RESPONSE: Counsel for the defendants OBJECTS to this interrogatory request on the grounds that it is overly broad, burdensome and without reasonable limitation. Counsel for the defendants further OBJECT to this interrogatory request on the grounds that producing inmate complaints filed by inmates other than plaintiff complaints filed within the inmate complaint review system (ICRS) are confidential pursuant to Wis. Admin. Code § DOC 310.

7. INTERROGATORY [to Fischer]:
Please state, with each specific date, how many different occasions you've limited inmates to only a Security Smock and a black mat, thereby denying access to a blanket, when placing inmates on Observation Status during your employment at the Waupun Correctional Institution (WCI).
RESPONSE: Counsel for defendants OBJECT to this interrogatory on the grounds that it is overly broad, burdensome and without reasonable limitation.

8. INTERROGATORY [to defendant Thurmer]:
Within the past six (6) years, please list how many inmates complaints you have reviewed, as the Appropriate Reviewing Authority under the Inmate Complaint Review System (ICRS), which specifically addressed the various unbearable conditions (cold cell temperatures, excessive noise levels, extreme hygiene deprivations, etc . . .) within the HSC. Provide the "Brief Summary" and "Decision Date" on the REVIEWER'S DECISION (form DOC-403) of each complaint listed.
RESPONSE: Counsel for the defendants OBJECTS to this interrogatory request on the grounds that it is overly broad,

-4-

> burdensome and without reasonable limitation. Counsel for the defendants further OBJECT to this interrogatory request on the grounds that producing inmate complaints filed by inmates other than plaintiff complaints filed within the inmate complaint review system (ICRS) are confidential pursuant to Wis. Admin. Code § DOC 310.

(Pl.'s Mot. to Compel Disc.)

On December 18, 2008, the defendants filed a motion for summary judgment and a motion to stay discovery. The latter motion requests that the court stay discovery until resolution of the summary judgment motion, "[i]n light of the simple nature of the case, the volumes of discovery already provided, and the repetitious nature of the discovery requests." (Defs.' Mot. to Stay at 2.) The defendants assert that they have provided ample data to allow the plaintiff to fully respond to the motion and that no additional interrogatories will shed any more light on the issues at hand. On December 29, 2008, the plaintiff filed a motion for continuance allowing him to respond to the defendants' motion for summary judgment after all discovery matters are resolved and complete.

In general, parties may obtain discovery regarding any matter which is relevant. Fed. R. Civ. P. 26(b)(1). The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2).

In this case, the plaintiff is proceeding on an Eighth Amendment claim that he was subjected to "freezing temperatures" while, for three days in mid-May 2007, he was housed in observation after self-reporting suicidal ideation. Although there are

ten defendants in this case, the case consists of one claim that is straightforward and not complex. However, upon consideration of the plaintiff's motion to serve ten additional interrogatories, the court finds that his request is reasonable in that it appears to be relevant to his claim and it has a limit of ten questions. Accordingly, the court will grant the plaintiff's motion and allow him to direct ten more interrogatories to the defendants. The plaintiff is advised that his interrogatories must be seek relevant information and be narrowly drawn - the defendants may object to requests that are not in conformance with Rule 26(b).

The court now turns to the plaintiff's motion to compel discovery. Upon review of the eight discovery requests at issue, *supra.*, the court finds that the defendants' responses and objections to those requests are reasonable. Thus, the plaintiff's motion to compel will be denied.

In sum, the plaintiff's motion to submit ten additional interrogatories will be granted. The plaintiff may submit the interrogatories on or before February 27, 2009, and the defendants shall respond on or before March 30, 2009. No additional discovery will be permitted. The plaintiff shall file a response to the defendants' motion for summary judgment on or before May 1, 2009. Based on the foregoing, the defendants' motion to stay discovery and the plaintiff's motion for continuance will be denied as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to serve additional interrogatories (Docket #23) in **GRANTED**. The plaintiff may submit the interrogatories on or before **February 27, 2009**, and the defendants shall respond on or before **March 30, 2009**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery (Docket #32) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay discovery (Docket #54) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for continuance (Docket #56) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that no additional discovery will be permitted.

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendants' motion for summary judgment on or before **May 1, 2009**.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge